UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFIO GANGEMI III

Plaintiff,

-against-

PETER KLEIN; ANGELIKA KLEIN,

Defendants.

25-CV-7377 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his rights. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## I. BACKGROUND

Plaintiff, who resides in Bronx County, filed this complaint against Peter Klein ("Peter") and Angelika Klein ("Angelika"), who appear to reside in New York and in Germany. The following facts are drawn from the complaint regarding events that allegedly occurring in 2015, at "the height of the Edward Snowden case."[1] (ECF No. 1 at 6.) Plaintiff met Angelika in an art history class at the Borough of Manhattan Community College, and she introduced him to Peter, who is apparently related to Angelika. (*Id.*) Plaintiff alleges that Peter called the FBI and falsely told the FBI that that Plaintiff had "stole[n] (top secret) paperwork" and posted it on Facebook. (*Id.*) Plaintiff further claims that, after a pediatrician in Germany told Angelika that if she did not get pregnant "right away," she would not be able to have children, she asked Plaintiff to

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

"impregnate her," and she offered to marry him and buy him an apartment. (*Id.* at 7.) Angelika "harassed" and "stalked" Plaintiff to "seal the deal," and when Plaintiff refused her, she "went berserk" and "conspired with her family to have [Plaintiff] murdered." (*Id.* at 6-7.)

Within weeks: (1) police cameras were installed on Plaintiff's street; (2) a "car with completely blacked out windows was parked across the street from" Plaintiff's house for 5 years, but "was gone" the day after Plaintiff moved; (3) the same "fast-moving car . . . nearly hit" Plaintiff twice in one week; and (4) Plaintiff's computer and phone "began acting strangely." (*Id.* at 9.) Shortly thereafter, a lawyer for the federal government contacted Plaintiff, and when Plaintiff "walked away from him[,] a military helicopter swooped down over" him, and for the next three years he "had five helicopters a day b-line directly over" him. (*Id.*) In addition, "military aircrafts, commercial aircrafts 747s, and private planes [made] direct paths over" Plaintiff, leading him to "believe [he has] a tracking device inside [his] body."[2] (*Id.*) Two weeks later, while Plaintiff was on vacation on Fire Island, an Army propellor plane went "back and forth," and, when Plaintiff returned from dinner with friends:

> [a]tall white man snuck in the crowd with us and entered our house. I assumed he was with someone I knew. The man came over to me and we hung out for a bit. I went to bed and I woke up screaming, my thoughts were scattered and my eyes were burning from the light. I had been drugged. No one could account for the man that was in our house. (my brain was damaged). [W]hen I left the hospital, I was walking on my tippy toes for months after and was told my eyes looked like deer in the headlights (my teacher approached me at school and brought this to my attention, I wasn't aware of it). [T]he next day—I began to notice people following and stalking me (this still continues to this day).

(*Id.*)

Plaintiff seeks $1 billion in damages. (*Id.* at 16.)

---

[2] Plaintiff filed a prior complaint asserting similar claims that overlap in time. *See Gangemi v. Gov't*, No. 23-CV-1027 (LTS) (S.D.N.Y. Apr. 10, 2023) (dismissing complaint on sovereign immunity grounds and as frivolous).

Plaintiff has since filed an "addendum" and a letter purporting to supplement the complaint. (ECF 5, 6.)

## II. STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678. After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679

## III. DISCUSSION

The Court must dismiss this action as frivolous. Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32–33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that, more than 10 years ago, people he knew from his school conspired to murder him, and reported him to the FBI, and that, as a result, the FBI and possibly other individuals or entities began following him by car, helicopter, and by tracking device, and drugged him. But a "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his apparent assertion that he is the subject of a broad surveillance effort. *See Lefkowitz v. John Wiley & Sons,*

*Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Because Plaintiff has pleaded no factual predicate in support of his assertions, his allegations are not plausible and the Court must dismiss this action as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"). This Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as

to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## V. CONCLUSION

The Court dismisses this action as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated: October 5, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge